IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 0 9 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

SA13CA0720 H

| | | |
|---|---|---|
| CINDY SELTZER | § | |
| Petitioners | § | CIVIL ACTION NO._____ |
| VS. | | |
| UNITED STATES OF AMERICA | | |
| Respondent | § | JURY TRIAL DEMANDED |

**PETITION TO QUASH SUMMONS**

COMES NOW the Petitioner, Cindy Seltzer and files this Petition to Quash a Summons filed by Robert Leal Jr., a Revenue Officer of the Internal Revenue Service. The Summons is directed to Wells Fargo Bank and seeks documents and information regarding the Petitioner Cindy Seltzer. In support thereof, Petitioner shows the following:

### I.  PARTIES, JURISDICTION AND VENUE

1. Petitioner Cindy Seltzer is a citizen of the United States and a resident of the State of Texas, with her residence in San Antonio, Texas 78230.

2. The Summons at issue has been directed to Wells Fargo Bank NA, Legal Order Processing, 401 Market St., Philadelphia, PA 19106. Petitioner is a customer of Wells Fargo Bank in San Antonio, Texas. The Summons seeks bank and account documents and other information concerning the Petitioner.

3. The Respondent is the United States of America.

4. This is a suit arising under the laws of the Internal Revenue Code, 26 U.S.C.A. §7609, "Special Procedures for Third-Party Summonses".

5. Jurisdiction is conferred upon this Court by virtue of 26 U.S.C.A. §7609.

6. Venue in this District is proper under 26 U.S.C.A. §7609(h).

## II.     SUMMONS ISSUED BY THE INTERNAL REVENUE SERVICE

7. The Internal Revenue Service has issued the following Summons:

   a. To Wells Fargo Bank NA regarding Cindy Seltzer and other unknown entities, dated 06/07/2012. A copy of the Summons is attached hereto as Exhibit 1.

## II. THE SUMMONS IS OVERBROAD AND PUNITIVE

8. The summons sought to be quashed was issued by Robert Leal Jr., a Revenue Officer with the Internal Revenue Service. The Summons seeks all books, papers, records and other data concerning accounts in the name of Cindy Seltzer. Petitioner believes the Summons also references a Mr. Jack Ferrell.

9. Petitioner believes that Jack Ferrell owes back taxes to the Internal Revenue Service. Following Jack Ferrell's Bankruptcy discharge, Petitioner retained Doctor Ferrell in a contract capacity to provide services for Petitioner's business. Petitioner has provided a copy of the contract to Officer Leal.

10. Officer Leal has alleged to Petitioner that he believes that Jack G. Ferrell is using Petitioner to avoid paying his past due taxes. Officer Leal has offered no evidence of any wrongdoing on the part of Petitioner.

11. On April 3, 2013, Officer Leal served a Summons on Petitioner requiring her to appear in her personal capacity and provide private banking documents related to Jack G. Ferrell. Petitioner appeared before officer Leal at the appropriate time. Petitioner brought no banking documents because she did not have possession of any such documents. At this meeting, Officer Leal threatened Petitioner with civil and criminal legal action.

12. Officer Leal has constantly harassed Petitioner regarding Jack G. Ferrell since Dr. Ferrell was discharged from Bankruptcy. Officer Leal has made unannounced visits to Petitioner's place of business. There is no evidence that Petitioner has ever engaged in any wrongdoing with regard to Jack G. Ferrell, or in any other matter. Officer Leal has not been able to establish any evidence of wrongdoing on the part of Petitioner. Yet Officer Leal continues to harass and threaten Petitioner. The Summons at issue is merely a continuation of this harassment.

13. Petitioner objects to this Summons on the basis that she was never provided a notice of such Summons pursuant to 26 U.S.C. 7609. The IRS claims that the Summons is exempt from Notice Requirements on the basis of IRC(c)(2)(D).

IRC(c)(2)(D) provides that the requirement that Notice be provided shall not apply if the Summons is:

**(D)** *issued in aid of the collection of—*

  *(i)   an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or*

  *(ii)  the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i);*

In this case, Petitioner has not been assessed a tax liability or had a judgment rendered against her. Further, no determination has been made that Petitioner is a transferee or a fiduciary of any person who has a tax liability.

13.   Petitioner also objects to this summons in its entirety as being overly broad, unduly burdensome, unnecessarily invasive and punitive to the extent that it seeks private personal and/or business banking documents. There is no basis for this continued intrusive investigation of Petitioner. There is no evidence of any wrongdoing on the part of Petitioner. Further, the documents requested substantially exceed the information and documentation necessary to make a reasonable inquiry into Mr. Ferrell's relationship with Petitioner. The extent of the documentation and information demanded by the attached summons is punitive and clearly meant to harass and embarrass the Petitioner. The Summons is a fishing expedition and is not based on any evidence of wrongful conduct by Petitioner.

WHEREFORE, Petitioner requests that this Court Quash the attached Summons issued by the Internal Revenue Service in its entirety; and for such further relief as the Court deems just and proper.

This 8th day of August, 2013.

POWELL LAW FIRM
25211 Grogan's Mill Rd., #210
The Woodlands, TX 77380
281-298-2916
281-298-5437 Fax

By: _____
Steve Powell
State Bar No. 00786175

ATTORNEYS FOR PETITIONERS